IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| LUIS ANGEL ROJO-MENDOZA, Institutional ID No. 24279-480, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:19-CV-00258-BU |
| ROLLING PLAINS FACILITY: LA SALLE DETENTION CENTER, *et al.*, | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Luis Angel Rojo-Mendoza, a prisoner incarcerated by the Federal Bureau of Prisons and proceeding pro se, filed this civil action on November 25, 2019, complaining of civil rights violations that allegedly occurred during his time as a detainee at the Rolling Plains Detention Center. Dkt. No. 1. Rojo-Mendoza initially filed his Complaint in the United States District Court for the Western District of Texas, and his Complaint was transferred to this Court on December 30, 2019. *See* Dkt. No. 6.

The Court granted Rojo-Mendoza leave to proceed in forma pauperis, which subjects his complaint to the Court's preliminary judicial screening measures under 28 U.S.C. § 1915(e)(2). Dkt. No. 8. Under 28 U.S.C. § 636(b) and an order of transfer, this civil action was transferred to the undersigned United States magistrate judge. Dkt. No. 9. Rojo-Mendoza has not consented to proceed before a magistrate judge.

1

The Court ordered Rojo-Mendoza to complete a screening questionnaire, which Rojo-Mendoza did. Dkt. No. 19. Based on the undersigned's review of Rojo-Mendoza's Complaint, his questionnaire responses, and the authenticated records, the undersigned recommends that Rojo-Mendoza's claims be dismissed.

## I.   BACKGROUND

At the Rolling Plains Detention Center on July 3, 2019, Rojo-Mendoza alleges that an intoxicated inmate, Victor Valles, assaulted him, resulting in "multiple facial injuries" such as "eyebrow/eye socket laceration, left cheek bone fracture, broken molar, misaligned teeth," as well as a "shoulder contusion." Dkt. No. 1 at 5; Dkt. No. 19 at 3. Rojo-Mendoza received six stitches at the Haskell Memorial Hospital on the same day as the alleged assault. Dkt. No. 19 at 3.

On July 8, 2019, five days after the alleged assault, Rojo-Mendoza was transferred from the Rolling Plains Detention Center to the Reeves County Detention Center located in Pecos, Texas. *Id*. at 1. In the weeks following his transfer, Rojo-Mendoza states that he received a dental exam, a physical exam, and an x-ray of "the facial bone and mandible," which ultimately culminated in dental surgery in September 2019. *Id*. at 3.

## II.   PRELIMINARY SCREENING

A court must dismiss a complaint filed in forma pauperis by a prisoner against a government entity or employee if the court determines the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2016); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental

entities, regardless of whether the prisoner is proceeding in forma pauperis). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in fact if it rests upon clearly baseless factual contentions, and similarly lacks an arguable basis in law if it contains indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (noting responses given to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' in forma pauperis claims as frivolous based on "medical and other prison records if they are adequately identified and authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

III.  DISCUSSION AND ANALYSIS

1. Rojo-Mendoza's Claims

In his Complaint, Rojo-Mendoza sues Warden Villegas, in his individual capacity, and the Rolling Plains Detention Center. Rojo-Mendoza alleges that he did not receive proper medical attention for his injuries "at the moment when it occurred" and that the defendants "did not provide further medical attention after only being checked by Haskell Memorial Hospital." Dkt. No. 1 at 4; Dkt. No. 19 at 1. Rojo-Mendoza further claims that the defendants "failed to provide adequate protection and overwatch on all inmates detained," which resulted in the attack by Valles. Dkt. No. 19 at 2.

Rojo-Mendoza contends that the defendants' actions violated the Eighth Amendment's prohibition against cruel and unusual punishment. He seeks two million dollars in compensatory damages "for the lack of interest of my well being and negligence of the medical staff." Dkt. No. 1 at 5.

2. Rojo-Mendoza's Eighth Amendment claims under *Bivens* should be dismissed.

Rojo-Mendoza seeks recovery against the Rolling Plains Detention Center under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] In *Bivens*, the United States Supreme Court recognized an implied cause of action for damages against federal officers for deprivation of certain constitutional rights. 403 U.S. at 397. The Eighth Amendment right to be free from cruel and unusual punishment is one of the few rights

---

[1] The Court takes judicial notice that the Rolling Plains Detention Center is a private corporation operated by LaSalle Corrections, L.L.C. *See Funk v. Stryker Corp.*, 631 F.3d 777, 783 (5th Cir. 2011) (indicating that a court can take judicial notice of matters of public record directly relevant to the issue at hand); *see also* LaSalle Corrections, https://www.lasallecorrections.com/ (last visited April 27, 2021).

4

under which the Court has recognized an implied *Bivens* remedy. *See Carlson v. Green*, 446 U.S. 14 (1980). *Bivens* is the federal counterpart to 42 U.S.C. § 1983, and extends the protections afforded under § 1983 to parties injured by federal actors acting under color of federal law. *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983—the only difference being that § 1983 applies to constitutional violations to state, rather than federal, officials."), *overruled on other grounds*, *Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *State* prisoners can sue private prison operators and their employees for deprivations of constitutional rights because those private entities act under color of state law. *Rosborough v. Mgmt. & Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003) (finding that "private prison-management corporations and their employees may be sued under § 1983 by a prisoner who has suffered a constitutional injury" because "confinement of wrongdoers—though sometimes delegated to private entities—is a fundamentally governmental function"). However, no such remedy exists for *federal* prisoners seeking to sue private prison operators and their employees under *Bivens*.

Indeed, the Supreme Court expressly declined to extend *Bivens* liability to private corporations in *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001). In *Malesko*, the Supreme Court found no private right of action against the private corporation managing a Bureau of Prisons facility, noting that even prisoners housed in Bureau of

5

Prisons run facilities "may not bring a *Bivens* claim against the officer's employer, the United States, or the [Bureau of Prisons]" because such suits are permitted only against federal officers. 534 U.S. at 72; *see also FDIC v. Meyer*, 510 U.S. 471, 485 (1994) (refusing to recognize a *Bivens* remedy against federal agencies and noting that the "the purpose of *Bivens* is to deter the *officer*"). Here, the Court should find that no *Bivens* remedy exists against the Rolling Plains Detention Center and should dismiss Rojo-Mendoza's Eighth Amendment claim for failure to state a claim on which relief may be granted.

Consistent with the narrow scope of the *Bivens* remedy, the Supreme Court further held in *Minneci v. Pollard*, 565 U.S. 118 (2012) that a prisoner could not bring a *Bivens* claim against the employees of a privately-operated federal prison. *Minneci* involved a federal prisoner, housed at a facility operated by a private company, who alleged that prison employees had deprived him of medical care in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. 565 U.S. at 121. In declining to recognize a *Bivens* remedy against the private employees, the Court noted that the alleged conduct typically fell within the scope of state tort law. *See id*. at 125. And that "state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Id*. (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007)).

Following *Minecci*, the Fifth Circuit has held in several unpublished opinions that employees of private corporations that operate federal prisons are not liable under *Bivens* for Eighth Amendment violations where the conduct at issue falls within the scope of state tort law. *See Ayala-Gutierrez v. Doe*, 697 F. App'x 285, 286 (5th Cir. 2017) (per curiam) (holding that private prisoner operated GEO Group, Inc. and its employees "cannot be

6

liable as private actors under *Bivens*."); *Eltayib v. Cornell Companies, Inc.*, 533 F. App'x 414, 415 (5th Cir. 2013) (per curiam); *Oriakhi v. GEO Group, Inc.*, 579 F. App'x 292 (5th Cir. 2014) (per curiam).

Here, as in *Minneci*, Rojo-Mendoza seeks damages where the conduct alleged amounts to a violation of the Eighth Amendment when Villegas allegedly deprived Rojo-Mendoza of adequate medical care. And like the Supreme Court noted in *Minneci*, Texas law imposes general tort duties of reasonable care on prison employees. *See Minneci*, 565 U.S. at 129 (citing *Salazar v. Collins*, 255 S.W.3d 191, 198–200 (Tex. App.—Waco 2008, no pet.)). Rojo-Medoza's claims also appears to characterize the defendants' actions as negligence. The remedies available through *Bivens* and state tort law "need not be perfectly congruent" so long as they "provide roughly similar incentives for potential defendants to comply with the Eighth Amendment" and "roughly similar compensation to victims of violations" *Id*. at 129–130.

Because state tort law provides remedies for the alleged harm, the Court should find that no *Bivens* remedy exists against Villegas and dismiss Rojo-Mendoza's Eighth Amendment claim for failure to state a claim on which relief may be granted.[2]

3. The Court should not consider any claim against the Reeves County Detention Center.

In his questionnaire responses, Rojo-Mendoza states that, "Reeves County has been denying my requests on getting my shoulder checked as of recently March, 2020." Dkt.

---

[2] The Court observes that, even if Rojo-Mendoza could state a plausible *Bivens* claim against Villegas, he has failed to allege any personal involvement on the part of Villegas. *See Meyer*, 510 U.S. at 485 (explaining that it "must be remembered that the purpose of *Bivens* is to deter the officer"); *see also Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998) (explaining there is no doctrine of *respondeat superior* in a *Bivens* action).

No. 19 at 4. This sole comment by Rojo-Mendoza about being denied medical treatment for his shoulder appears to relate to the "shoulder contusion" he claims to have sustained in the attack by Valles. *See* Dkt. No. 1 at 5. To the extent Rojo-Mendoza seeks through this comment to state a claim for failure to provide necessary medical treatment in violation of the Eighth Amendment, he has failed to do so here.

Moreover, those alleged failures and the persons responsible for them are all within the Western District of Texas, not the Northern District of Texas.[3] The Court should not consider any potential claim Rojo-Mendoza may wish to assert against the Reeves County Detention Center. Rather, Rojo-Mendoza may file that claim in the Western District of Texas, if he believes that he can meet the Eighth Amendment standard, or the appropriate state court, if he cannot.

## IV. CONCLUSION

For the above reasons, the undersigned RECOMMENDS that Rojo-Mendoza's claims against the Rolling Plains Detention Center and Villegas be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The undersigned further RECOMMENDS that any claims related to a denial of medical care arising from Rojo-Mendoza's incarceration at the Reeves County Detention Center in Pecos, Texas, be DISMISSED without prejudice to refiling in a district where venue exists.

---

[3] The Reeves County Detention Center is located in Pecos, Texas, which is within the Western District of Texas. *See* Federal Bureau of Prisons, https://www.bop.gov/locations/ci/rvs/ (last visited April 29, 2021); *see also* United States District Court for the Western District of Texas, https://www.txwd.uscourts.gov/ (last visited April 29, 2021).

It is ORDERED that this case be transferred back to the docket of the United States District Judge and designated as Civil Action No. 1:19-CV-00258-H.

## V. RIGHT TO OBJECT

A copy of these Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 29th day of April, 2021.

_____
JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE

9