UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | |
|---|---|
| LUIS ANGEL ROJO-MENDOZA, Institutional ID No. 24279-480<br><br>Plaintiff,<br><br>v.<br><br>ROLLING PLAINS FACILITY: LA SALLE DETENTION CENTER, *et al.*,<br><br>Defendants. | No. 1:19-CV-00258-H |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

In this civil-rights action, Plaintiff Luis Angel Rojo-Mendoza, a federal prisoner proceeding pro se and *in forma pauperis*, alleges that, while he was detained at Rolling Plains Facility: La Salle Detention Center (RPDC), he was assaulted by a fellow inmate and denied adequate medical treatment for his resultant injuries. (*See* Dkt. No. 1.) Plaintiff claims that RPDC and its warden, Mr. Villegas, failed to protect him from the assault and provide him adequate medical treatment, in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. (*Id.* at 3–4.) Plaintiff seeks to recover $2,000,000 from RPDC and Villegas under *Bivens v Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 308 (1971). (*Id.* at 3.)

On January 6, 2020, the Court transferred this case to the United States Magistrate Judge for further screening of Plaintiff's claims under 28 U.S.C. § 1915. (*See* Dkt. No. 9.) The Magistrate Judge has since made factual findings, legal conclusions, and a recommendation for the disposition of this case. (*See* Dkt. No. 24.) Specifically, the

Magistrate Judge recommends that that the Court dismiss Plaintiff's claims against RPDC and Villegas for failure to state a claim on which relief can be granted because a federal prisoner cannot assert a *Bivens* claim for damages against private prison employees or the corporations who own and operate private correctional facilities. (*Id.* at 5–7) (citing *Correctional Services Corp. v. Malesko*, 534 U.S. 61 (2001); *Minneci v. Pollard*, 565 U.S. 118 (2012)). And here, it is undisputed that RPDC is operated by a private corporation—LaSalle Corrections West, L.L.C.[1]—and that Warden Villegas is an employee of RPDC. (*See* Dkt. Nos. 19, 22, 24, 26, 27.)

The Magistrate Judge further recommends that, to the extent that Plaintiff cursorily complains about being denied medical treatment after his transfer to the Reeves County Detention Center, which is located in the Western District of Texas, Pecos Division, the Court should dismiss such claims without prejudice to their being refiled in the proper venue. (*See* Dkt. No. 24 at 7–8.) The Court agrees that any potential claims that Plaintiff may have against the Reeves County Detention Center should be adjudicated in the Western District of Texas. However, after reviewing Plaintiff's complaint and his answers to the Magistrate Judge's questionnaire, the Court concludes that Plaintiff does not assert any claims against the Reeves County Detention Center in this lawsuit. Plaintiff does not

---

[1] RPDC and Villegas were not served and did not enter an appearance in this case. But, on May 10, 2021, they filed a response to the Magistrate Judge's report on May 10, 2021, requesting that the Court correct a clerical error made therein regarding the name of the corporate entity that operates RPDC. (*See* Dkt. Nos. 26, 27.) Specifically, RPDC and Villegas advise the Court that the Magistrate Judge erroneously states that LaSalle Corrections, L.L.C. operates RPDC. (*Id.* at 2.) They request that the Court correct and clarify for the record that LaSalle Corrections West, L.L.C. is the correct name of the corporate entity that operates RPDC. (*Id.* at 4.) Plaintiff does not dispute that LaSalle Corrections West, L.L.C. is the correct name of the corporate entity that operates RPDC, and there is no evidence before the Court to demonstrate otherwise. Thus, the Court accepts for the record that LaSalle Corrections West, L.L.C. is the correct name of the corporate entity that operates RPDC. In any event, this fact does not alter the analysis of Plaintiff's claims.

name the Reeves County Detention Center or any of its officers as defendants in his complaint, and he clearly states that the events giving rise to his claims occurred at RPDC only. (*See* Dkt. No. 1 at 2, 4.) It is only in response to the Magistrate Judge's questionnaire that Plaintiff first states in a cursory manner that the Reeves County Detention Center has been denying his requests to have his shoulder checked. (*See* Dkt. No. 19 at 6.) But Plaintiff pleads no specific facts in support of his statement, and he has not sought leave of court to amend his complaint or otherwise develop such a claim. (*Id.*)

In response to the Magistrate Judge's report, Plaintiff filed a one-page, typewritten, and unsigned letter in which he briefly reiterates the factual bases of complaint and his desire to pursue his claims against RPDC and Villegas. (*See* Dkt. No. 28.) However, Plaintiff does not object to or otherwise attempt to refute any specific factual findings or legal conclusions made by the Magistrate Judge. (*Id.*) And he does not clarify or otherwise inform the Court that he intends to raise any claims against the Reeves County Detention Center in this lawsuit. (*Id.*)

In light of Plaintiff's letter, the Court conducted a de novo review of the relevant portions of the record and the Magistrate Judge's report and concludes that the Magistrate Judge's findings of fact and conclusions of law are correct. To the extent that Plaintiff generally objects to the dismissal of his claims, his objection is overruled. The Court therefore accepts and adopts the findings of fact, conclusions of law, and recommendation of the Magistrate Judge.

Accordingly, the Court orders that Plaintiff's claims against RPDC and Villegas are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

This dismissal will count as a qualifying dismissal or "strike" under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1996).

This order does not prejudice Plaintiff's right to file a complaint based on events that occurred in Reeves County, Texas. However, should Plaintiff choose to do so, he must file his complaint in the proper venue.

All relief not expressly granted and any pending motions are denied.

The Court will enter judgment accordingly.

So ordered.

Dated December 21, 2021.

_____
JAMES WESLEY HENDRIX
United States District Judge